The Honorable Gene Harvey Tax Collector Baker County 81 North Third Street Macclenny, Florida 32063
Dear Mr. Harvey:
You ask substantially the following question:
When a tax collector operates as a fee officer whose salary is paid by the county commission due to insufficient collection of fees to cover the salary expense, should excess fees be paid to governmental units pursuant to s. 218.36, F.S., or to the county?
In sum:
Fees collected by a tax collector operating as a fee officer must first be used to pay the office personnel and expenses and the tax collector's salary. Only those fees collected in excess of the amount necessary to cover such expenses and salaries must be paid to governmental units as provided in s. 218.36, F.S.
You state that your office does not collect enough fees to cover the cost of operating the office and payment of your salary.
The county commission, therefore, supplements the tax collector's office budget by paying your salary, pursuant to s. 145.141, F.S.
In the event your office subsequently collects excess fees, you question whether such funds should be returned to the governmental units in the same proportion as the fees paid by such units to the total fee income of the office pursuant to s. 218.36(2), F.S., or paid to the county.
Under s. 145.11, F.S., each tax collector is to be paid a designated salary, based upon the population of the officer's county. Section 145.141, F.S., however, provides:
Should any county officer have insufficient revenue from the income of his office, after paying office personnel and expenses, to pay his total annual salary, the board of county commissioners shall pay any deficiency in salary from the general revenue fund and notify the Department of Banking and Finance. The deficiency shall be listed in the comptroller's annual report of county finances and county fee officers. (e.s.)
Thus, the county commission is authorized to supplement the revenue of a fee office to insure that the fee officer receives his or her full annual salary, if the office has insufficient income to cover the officer's salary.[1] In the event the office subsequently collects fees in excess of those necessary for the operation of the office, the question arises whether the excess fees are to be paid to the county or distributed to the local governmental units prorated as to the fees each has paid to the office.
Section 218.36(2), F.S., in pertinent part, states:
On or before the date for filing the annual report, each county officer shall pay into the county general fund all money in excess of the sum to which he is entitled under the provisions of chapter 145. Whenever a tax collector has money in excess, he shall distribute the excess to each governmental unit in the same proportion as the fees paid by the governmental unit bear to the total fee income of his office. (e.s.)
When read together, s. 145.141, F.S., and s. 218.36(2), F.S., clearly contemplate that fee officers may not keep any income to their offices in excess of that needed to pay office personnel and expenses and the officers' salaries. In the case of a tax collector operating as a fee officer, s. 218.36, F.S., requires payment of any excess fee income over the office expenses, personnel salaries and officer's salary to the governmental units making payments to the tax collector's office.[2]
In this instance, there could be no excess fees until the fee income of the office exceeds that necessary to pay the office expenses and salaries, including your salary. Payment of your salary by the county commission does not alter the amount of fee income required to cover the budgeted expenses and salaries of your office. Thus, a deficiency in fees requiring a salary supplement by the county commission and the condition of your office receiving excess fees subject to disbursement under s.218.36, F.S., may not occur at the same time. To create an artificial threshhold for the refunding of excess fees by considering the salary supplement as a reduction in the overall budgeted expense of your office would create a windfall for the governmental units making payments to your office and unjustified financial burden on the county.
Accordingly, it is my opinion that when the county commission has paid the salary of a tax collector operating as a fee officer whose fee income was projected to be insufficient to cover the salary expense, additional fees collected must first be applied to the deficiency. Only those fees collected in excess of that needed to pay office personnel and expenses and the officer's salary are to be paid to governmental units under s. 218.36(2), F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Cf., AGO 79-66 (s. 145.141, F.S., does not authorize board of county commissioners to pay any deficiency in the operating expenses of county clerk operating as a fee officer).
[2] See, Rule 12D-11.008, F.A.C., providing that the distribution of excess fees for each governmental unit shall be that portion of the excess fees that its fee payment represents to the officer's total fee income. (e.s.)